

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00266-CR

_____

DEBRA MAE CARTER, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 1
Tarrant County, Texas
Trial Court No. 1806362

---

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Bassel

# MEMORANDUM OPINION

## I. Introduction

In two issues, Appellant Debra Mae Carter challenges her jury conviction for money laundering in an amount over $300,000, a first-degree felony. *See* Tex. Penal Code Ann. § 34.02(a), (e). The trial court sentenced Appellant to life imprisonment. On appeal, Appellant raises two points, both of which relate to the trial court's decision to grant her the right to represent herself at trial. Both points fail.

We view Appellant's arguments in her first point to be (1) that the trial court misrepresented its ability to appoint standby counsel to assist Appellant if she represented herself and (2) that the trial court should have permitted her to have hybrid representation in which she represented herself but also could delegate special tasks to standby counsel. The decision to deny standby counsel is one within the trial court's discretion; thus, the decision cannot be error. Further, when Appellant persisted in her request for standby counsel, the trial court followed the guidance of the Texas Court of Criminal Appeals and initially denied her request to self-represent. How the trial court's actions were error is never explained by Appellant.

In her second point, Appellant contends that the trial court failed to admonish her adequately before permitting her to self-represent. We disagree. Appellant unequivocally invoked the right to self-representation. In view of the trial court's admonishments and Appellant's own acknowledgement of the perils of self-

2

representation, the trial court did not abuse its discretion by concluding that Appellant had invoked the right that she indisputably held to represent herself.

Accordingly, we affirm the trial court's judgment.

## II. Factual and procedural background

The trial court appointed two attorneys to represent Appellant. The facts relevant to Appellant's appellate points begin with the unique circumstance of her filing a "Notice and Demand to Proceed Pro Se" that quoted and relied on case law establishing the standard for self-representation and the warnings to be given regarding the dangers of that course.[1] Appellant's notice stated the following,[2]

> Comes the Defendant in the above-entitled action, Debra Mae Carter, and notices this [c]ourt that she intends to proceed pro se. The law in this respect is quite clear:

>> The Sixth and Fourteenth Amendments to the United States Constitution protect a defendant's right to self-representation in a criminal proceeding. *Moore v. State*, 999 S.W.2d 385, 396 (Tex. Crim. App. 1999) (citing *Faretta v. California*, 422 U.S. 806, 818–20, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975)). "[A]n accused's right to proceed *pro se* does not attach until he clearly and unequivocally asserts it." *Hathorn v. State*, 848 S.W.2d 101, 123 (Tex. Crim. App. 1992).

>> "It is the defendant, not his lawyer or the State, who will bear the personal consequences of a conviction. It is the

---

[1]Appellant raises no sufficiency challenge to the evidence supporting her conviction. Thus, we will limit our discussion of the background facts to those that are material to the points that she raises.

[2]We set forth this portion of the notice without correcting the citations to make them conform to *Bluebook* form.

defendant, therefore, who must be free personally to decide whether in his particular case counsel is to his advantage. While we may be skeptical of his election knowing that he may conduct his defense ultimately to his own detriment, his choice must be honored." *Faretta*, 422 U.S. at 833. But a defendant's decision to forego the benefits of representation by counsel must be made "knowingly and intelligently." *Faretta,* 422 U.S. at 835, quoting *Johnson v. Zerbst*, 304 U.S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938). To that end, the defendant should be made aware of the dangers and disadvantages of self-representation so that the record will establish that "he knows what he is doing and his choice is made with eyes open." *Faretta*, 422 U.S. at 835, quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279, 63 S. Ct. 236, 87 L. Ed. 268 (1942). While *Faretta* does not mandate an inquiry concerning appellant's age, education, background[,] or previous mental[-]health history in every instance where an accused expresses a desire to represent himself, *Martin v. State*, 630 S.W.2d 952, 954 (Tex. Crim. App. 1982), the record must contain proper admonishments concerning *pro se* representation and any necessary inquiries of the defendant so that the trial court may make "an assessment of his knowing exercise of the right to defend himself." *Faretta*, 422 U.S. at 836; *see also Blankenship v. State*, 673 S.W.2d 578, 580 (Tex. Crim. App. 1984). Also, "*Faretta* does not authorize trial judges across this state to sit idly by doling out enough legal rope for defendants to participate in impending courtroom suicide; rather, judges must take an active role in assessing the defendant's waiver of counsel." *Id.*

*Ingram v. State*, No. 07-13-00023-CR, at *3–4 (Tex. App. Aug. 11, 2014).[3]

This notice was but one of the sheeves of pro se filings made by Appellant.

---

[3]The notice accurately quotes *Ingram v. State*, No. 07-13-00023-CR, 2014 WL 3906457 (Tex. App.—Amarillo Aug 11, 2014, no pet.) (mem. op., not designated for publication), even though it did not provide the full citation.

The trial court conducted a hearing to address Appellant's notice. At the hearing, Appellant stated that she had rescinded the notice and wished to have her appointed counsel assume a hybrid role:

> I have filed with the county clerk a rescission on that, and I have since found that I can actually attorn the attorneys with special delegation and duties. So as long as they are willing to do that, then there's no need to - - continue with the ineffective assistance of counsel.

The trial court repeatedly informed Appellant that she was not entitled to hybrid representation. As the hearing progressed, the trial court emphasized that Appellant had a Sixth Amendment right to counsel. The trial court also emphasized that two experienced attorneys had been appointed to represent her and that the attorneys had been working on her case for months. But the trial court also explained that Appellant had the right to self-represent and that her only options were (1) representation by counsel or (2) self-representation. As the trial court later put the binary choice to Appellant: "You proceed pro se representing yourself, *or* you proceed with your two court-appointed attorneys." [Emphasis added.] Appellant refused to be rebuffed from her view that she was entitled to and wanted hybrid counsel.

The trial court then asked Appellant a number of questions, the responses to which are summarized as follows in Appellant's brief:

> Appellant understood that she had a Sixth Amendment right to court-appointed counsel if she was unable to afford counsel;

5

Appellant understood that the court had appointed two attorneys to represent her at trial who had been working on her case for a number of months;

Appellant understood that she had a constitutional right to represent herself if she so desired;

Appellant had graduated high school;

Appellant had not graduated from college;[4]

Appellant had attended law school but did not receive[] a law degree;

Appellant had *not* read the Texas Rules of Evidence, the Texas Penal Code[,] or the Texas Code of Criminal Procedure; and

Appellant understood that if she proceeded pro se, she would be responsible for following the above-referenced authorities.   [Record references omitted.]

The trial court next explained the position that Appellant would place herself in

by self-representation:

THE COURT:   Do you understand that if you proceed as you've requested, representing yourself, which is called pro se, if you proceed in that manner, you're going to be required to follow all of those laws? You're going to be required to follow the Texas Rules of Evidence, the Texas Penal Code[,] and the Texas Code of Criminal Procedure.

Do you understand that?

[APPELLANT]:  I do.

THE COURT:   And so do you understand that's the reason the [c]ourt has appointed two attorneys to represent you, because those two

---

[4]Appellant did not make an affirmative statement that she had not graduated from college.  The trial court did ask whether she had attended college, and Appellant responded, "Yes."

6

attorneys actually do have decades of experience in all of those areas of law, which you do not? Do you understand all of that?

[APPELLANT]: Yes. I would like a chance to see evidence and discovery before I go to trial, a jury trial.

THE COURT: And, once again, that's not the question I'm asking you.

So do you understand, as I said, you have a right to court-appointed representation, which the [c]ourt has provided to you; but you also have a right to represent yourself if that is what you're choosing to do?

So do you understand that?

[APPELLANT]: Yes. And I wish to have the attorneys but be able to delegate specific duties to them.

THE COURT: And I will say, maybe for the fifth time, that is not a legal option. In your mind, you think that's an option, but that is not a legal option. So your two options are you proceed with your court-appointed attorneys, or you proceed pro se. Those are your options.

[APPELLANT]: I wish for you to postpone court just for five minutes till those actual letters come. I've addressed one to you, to the clerk, to the prosecutor, to the attorneys.

THE COURT: And so are you able to answer my question?

[APPELLANT]: Your question is . . . to make a decision based on what I previously filed, but those new filings in the court that I am requesting to see evidence, and depositions, and any exculpatory evidence that either can defend me or can, you know, be to my benefit. I've not seen any of that. I've not seen anything whatsoever, not even a deposition.

THE COURT: So . . . that does not answer my question. My question is, do you wish to proceed with your court-appointed attorneys, or do you wish to proceed pro se and represent yourself?

7

[APPELLANT]: I do wish to proceed with my court-appointed attorneys under special delegation.

THE COURT: All right. So at this point, you will proceed with your court-appointed attorneys. There's no such thing as a special delegation. So your attorneys will be the ones speaking in court on your behalf, and you will only be permitted to speak if you take the witness stand and you testify. Other than that, you will not be speaking during your trial.

After this exchange, the trial court asked again if Appellant wished to proceed on her "Notice and Demand to Proceed Pro Se." After Appellant argued about whether she would "present" rather than "represent" herself, the following exchange occurred:

THE COURT: Do you wish to be your own attorney?

[APPELLANT]: I wish to have the attorneys under special delegation.

THE COURT: And once again, that is not a legal option. So do you wish to go forward -- you seem to not like the word "representing," so presenting yourself in the trial? Is that the way you wish to go forward?

[APPELLANT]: I wish to go forward presenting myself but have the attorneys as special -- with special duties.

THE COURT: That is not an option. So you are required to freely and voluntarily make a decision with respect to what your counsel will be at the trial.

[APPELLANT]: And you are not at this time, Your Honor, willing to wait for the papers that have just been filed with the [c]ourt this morning that I just completed?

THE COURT: Ma'am, you can't file papers because you're not the attorney of record, so the [c]ourt cannot entertain letters or any other

8

documents that you file unless you are the attorney of record, which you are not. Mr. Rousseau is your attorney of record. And that's why we're having this hearing to see if you are wanting to replace him with yourself.

[APPELLANT]: Well, then, I'd like to have a continuance so you have a chance to look at those or so Mr. Rousseau can look at them.

THE COURT: And that request is denied. At this point[,] the [c]ourt will find that [Appellant] is not freely and voluntarily waiving her right to counsel. We'll proceed to trial with Mr. Rousseau and Mr. White representing [Appellant].

Shortly after the hearing, Appellant filed a letter that she had sent to Mr. Rousseau; we set forth the meat of the letter verbatim:

Dear Sir;

You recently told me that you are still my attorney. You. Are. Not.

In addition to the Faretta Motion that I have already filed; [y]ou are fired.

You are *not* my attorney.

Why?

Consider what you haven't done, attached hereto as Exhibits:

1. Transcript of Les Branson. His testimony alone could sink the state's case against me. It is attached hereto.

2. You haven't investigated any of the facts of my case. In fact, I suspect that you have been planning all along to aid the prosecution in convicting me.

You have tried to get me to plead guilty to something that I didn't do.

Aren't you an officer of the [c]ourt?  Isn't that [f]raud [u]pon the [c]ourt?

Please.  Get off my case.

Four days after the filing of this letter, the trial court conducted another hearing.  Initially, the trial court inquired of Appellant's appointed counsel about Appellant's claim that she had not had access to discovery produced by the State:

Mr. Rousseau, in a previous hearing [Appellant] stated on the record that she had never at any time been afforded an opportunity to look at any discovery or go through any discovery.  And for the record, the [c]ourt, on several occasions, has granted permission for [Appellant] to travel to [d]efense counsels' offices in order to view discovery.

So, Mr. Rousseau, has that, in fact, happened?

Appointed counsel then detailed the discussions that he and his co-counsel (Mr. White) had with Appellant:

So in meeting with her, we're talking about the evidence, we're talking about how we might counter evidence, how we might handle the questions about the evidence, as well as looking at some documentation.  So it's all a mixed bag.  But we totaled up approximate -- I came up with, I believe, 16.5 hours, and [Mr. White] was a half hour different between our two.  And that dates back from the time from -- I believe our first meeting was in . . . October of 2022, and up until . . . this week.  And then, of course, we tried to meet some within -- since the -- May the 20th, but we were unsuccessful until this past -- what was that, Friday, that we were here?

[MR. WHITE]:  Thursday.

MR. ROUSSEAU:  Thursday.

THE COURT:  All right.  So for the record, you have documented that you have spent approximately 16.5 hours with your client going through the discovery, as well as discussing trial strategy?

MR. ROUSSEAU:  Yes, ma'am.

The trial court then turned to Appellant's request to self-represent:

THE COURT:  [Y]our attorneys asked me to address again the fact that you stated in a previous hearing that at this time you want to, quote, Fire your attorneys.

So they asked if I would address again with you the issue of representing yourself in this trial.

And the [c]ourt previously admonished you on this issue.

. . . .

THE COURT:  The [c]ourt previously admonished you on this issue that you have a right to be represented by counsel, and for that reason, the [c]ourt appointed two attorneys to represent you in this proceeding.  But equally, you have a right to represent yourself.

And so I admonished you previously that if you do waive your right to counsel, and if you do elect to represent yourself, you still must abide by the Texas Rules of Evidence, and abide by the Texas Penal Code, and abide by the Texas Code of Criminal Procedure.  The [c]ourt will not be permitted to advise you legally or give you any help or aid, and your attorneys also will be dismissed from the case and will not be here.  So there will not be hybrid representation.

So the [c]ourt needs to admonish that you have each of those rights.  You have a right to have counsel, and that's why the [c]ourt appointed you two attorneys; but you have a right to waive the right to counsel and represent yourself.  And if that's what you choose to do, that is how we will go forward from this moment through the trial.

And so for the record and under oath, you need to inform the [c]ourt which of those two options you are choosing at this time.

[APPELLANT]:  I choose to represent myself.

11

THE COURT: All right. So at this time, the [c]ourt finds that [Appellant] has knowingly and voluntarily waived her right to counsel[] and that this decision is freely and voluntarily made after being advised by the [c]ourt of what her rights are.

And at this time, Mr. Rousseau and Mr. White, you are excused from this case, and you may leave the courtroom.

The case will resume at 8:30 tomorrow morning for jury selection. That concludes the proceeding[,] and we're off the record.

Appellant confirmed her decision to self-represent before another judge. The other judge held a hearing on Appellant's motion to recuse the trial judge assigned to the case on the day after the trial court permitted her to represent herself. The following exchange occurred as the hearing on the motion to recuse began:

THE COURT: Hang on one second. Just to be sure, I want to make sure of one thing.

You are representing yourself in this matter; correct?

[APPELLANT]: That is correct.

THE COURT: And [the prior judge] has admonished you and given you all the *Faretta* warnings. And you understand the consequences of self-representation, correct?

[APPELLANT]: Yes, Your Honor.

THE COURT: Okay. And knowing all those consequences, you still choose to represent yourself in this matter, correct?

[APPELLANT]: Yes, Your Honor.

12

## III. Analysis

### A. We set forth the general principles governing the right to representation by counsel and the right to self-represent.

The Eastland Court of Appeals recently summarized the coextensive right to counsel and self-representation, how the right to self-representation is invoked, and how the trial court should respond to a request for self-representation:

> Every criminal defendant has a constitutional right to the assistance of counsel and a constitutional right to self-representation. U.S. Const. amend. VI; Tex. Const. art. I, § 10. The right to self-representation is separate from the right to assistance of counsel, and to choose one is to forego the other. *Osorio-Lopez v. State*, 663 S.W.3d 750, 756 (Tex. Crim. App. 2022) (citing *U.S. v. Purnett*, 910 F.2d 51, 54 (2d Cir. 1990)). The right to self-representation does not attach until asserted. *Id.* (citing *Brown v. Wainwright*, 665 F.2d 607, 610 (5th Cir. 1982)). "Assertion of the right to self-representation must be clear and unequivocal[,]" and the waiver for a defendant's right to counsel must be made knowingly and intelligently. *Id.* (citing *Faretta . . .* , 422 U.S. [at] 835, 95 S. Ct. [at 2541] (1975)). The record must demonstrate that the trial court thoroughly admonished the defendant, and the trial court must warn the defendant of the "dangers and disadvantages" of self-representation to establish that he understands his choice. *Id.* at 756–57; *see* Tex. Code Crim. Proc. Ann. art. 1.051(g) . . . (If a defendant wishes to waive the right to counsel for purposes of proceeding to trial, the trial court shall advise the defendant of the nature of the charges and the dangers and disadvantages of self-representation.); *see also*[,] *e.g.*, *Faretta*, 422 U.S. at 836, 95 S. Ct. [at 2541] (it was sufficient to warn [a]ppellant that it was a mistake not to accept the assistance of counsel and that he would be required to follow all the rules of trial procedure); *Barski v. State*, No. 11-13-00217-CR, 2015 WL 5192320, at *3 (Tex. App.—Eastland Aug. 21, 2015, pet. ref'd) [(mem. op., not designated for publication)] (Appellant knowingly and intelligently waived his right to counsel after he was warned of the dangers and disadvantages of such choice.). But an invalid waiver waives nothing, and whether the waiver of counsel was effective depends on the totality of the circumstances. *Osorio-Lopez*, 663 S.W.3d at 756.

*Gomez v. State*, 686 S.W.3d 430, 434–35 (Tex. App.—Eastland 2024, no pet.).

In making the decision to permit a party to represent herself, the trial court need not be convinced that the party has the skills or training of a lawyer. "Technical legal knowledge is not relevant to determining whether a defendant's decision to exercise his right to self-representation was knowing." *Anthony v. State*, No. 01-21-00552-CR, 2023 WL 5616203, at *18 (Tex. App.—Houston [1st Dist.] Aug. 31, 2023, pet. ref'd) (mem. op., not designated for publication) (citing *Faretta*, 422 U.S. at 835–36, 95 S. Ct. at 2541); *see also Dunn v. State*, 819 S.W.2d 510, 523 (Tex. Crim. App. 1991) ("It is not a requirement that the [defendant] have the skill and experience of an attorney before he is able to embark on this venture.").

### B. First point—The trial court committed no error in its response to Appellant's demand for hybrid counsel.

In her first point, Appellant makes an argument that contradicts itself: she argues that the trial court abused its discretion by not appointing hybrid, standby counsel while at the same time acknowledging that Appellant had no right to standby counsel. Because only the latter portion of Appellant's argument is correct, we rule against her on her first point.

The only other contention made by Appellant is that the trial court confused her when it failed to explain that the trial court still had the discretion to appoint standby counsel even though she had no right to such counsel. How Appellant could

be harmed by the trial court's failing to explain why it was denying Appellant relief to which she was never entitled is not explained in Appellant's argument.

The San Antonio Court of Appeals recently explained the role of standby counsel:

> "The term 'standby counsel' usually describes when, in response to a defendant's request for self-representation, the trial court instead allows" an attorney to "be available to advise the defendant and participate in the case, or not, as requested by the defendant." *Walker v. State*, 962 S.W.2d 124, 126 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd). "In such a case, if the defendant thereafter invokes the participation of standby counsel, the representation becomes hybrid, which has been described as 'partially pro se and partially by counsel.'" *Id.* (quoting *Landers v. State*, 550 S.W.2d 272, 280 (Tex. Crim. App. 1977)[ (op. on reh'g)]).

*Reyes v. State*, No. 04-23-00468-CR, 2025 WL 907859, at *9 (Tex. App.—San Antonio Mar. 26, 2025, pet. ref'd).[5]

But "[t]here is no constitutional right in Texas to hybrid representation partially pro se and partially by counsel." *Landers*, 550 S.W.2d at 280; *see also Falk v. State*, No. AP-77,071, 2021 WL 2008967, at *11 (Tex. Crim. App. May 19, 2021) (per curiam) (not designated for publication) (quoting *Landers*). Appellant's brief acknowledges this principle.

As this court has previously held, though a defendant is not entitled to standby counsel, a trial court may exercise its discretion to appoint standby counsel:

---

[5]*Faretta* admonishments "are not required in a case of hybrid representation." *Id.*; *see also Glasspoole v. State*, No. 02-16-00066-CR, 2016 WL 4045087, at *2 (Tex. App.—Fort Worth July 28, 2016, no pet.) (mem. op., not designated for publication) (describing how hybrid representation is created when standby counsel is appointed).

15

> Moreover, appellant never deviated from his position that he wanted to represent himself in every stage of his trial and to make all of the tactical decisions in the case. Appellant only wanted a lawyer or legal assistant to "work under [his] command." It is well established that an accused has no right to this type of hybrid representation, although the trial court has the discretion to permit it. *Scarbrough v. State*, 777 S.W.2d 83, 92 (Tex. Crim. App. 1989).

*Fulbright v. State*, 41 S.W.3d 228, 235 (Tex. App.—Fort Worth 2001, pet. ref'd).

When presented with a defendant who wants to invoke an impermissible right to hybrid counsel, the Court of Criminal Appeals has established the actions that the trial court should take:

> We now hold that as part of the admonishments of the dangers and disadvantages of self[-]representation, an accused should be made aware that self[-]representation is exactly that. The trial court should make it plain to the accused that he has no *right* to standby counsel. Where an accused, though asserting a desire for "self" representation, indicates he would prefer what actually amounts to hybrid representation, the trial court should decide at the earliest practicable moment whether to allow it[] and[,] if not, should inform the accused he must choose instead between two mutually exclusive rights—the right to self[-]representation or to representation by counsel—and that there is no "middle ground." If hybrid representation is not to be a permissible option, the accused must be made aware of that circumstance, and given the opportunity, thus informed, to reassert his right to self[-]representation. Thereafter, if he continues to insist on conducting his own defense, but only with the selective aid of counsel, it may be said his assertion of the right to self[-]representation is "conditional," and thus, equivocal—but not before.

*Scarbrough*, 777 S.W.2d at 93.

Here, Appellant's brief reveals that her argument turns on the denial of hybrid representation—to which she had no right. To quote Appellant's brief,

> Here, even though Appellant never actually used the terms "hybrid" or "standby" counsel, Appellant's request was quite clear[,] and she was

16

consistent as well where she told the trial court she wanted: *"the attorneys with special delegation and duties but then I can have them on if they -- you know, as a -- kind of as a sidenote[]"; "I want to delegate specific duties to the public defenders[]"; "I wish to continue with them as -- in a -- with delegated duties that I have sent in[]; ["]I wish to delegate certain duties to these attorneys to help me[]";* [and *"]Your Honor, does the record reflect that I can keep the attorney and delegate specific duties to them so that we can get the discovery, and I can actually see some of the depositions and things that. . . . I'm entitled to?"*

Unfortunately, during the initial hearing held on the matter, the trial court falsely told Appellant that "*there is no such thing as a hybrid representation.*" Such a false representation assuredly confused Appellant[] as she was clearly aware that standby or hybrid representation is legal and does in fact occur quite often under Texas law. Under the circumstances present here, granting Appellant's request for stand[]by counsel would have markedly changed the calculus of Appellant's defense, which an objective analysis recognizes to be wanting. [Record references omitted.]

We struggle to understand what occurred that Appellant contends was error. No matter what terminology the trial court used, it was within the trial court's discretion to deny Appellant standby counsel. Under those circumstances, the trial court did as it was supposed to do (1) by informing Appellant that she would not have hybrid representation and (2) by putting her to the choice of continued representation by counsel or self-representation as shown by the following:

[A]s I said previously, there is no such thing as a hybrid representation. So you have court-appointed attorneys. Right now, they are your attorneys of record. But you also have -- as you put in your motion, you have a constitutional right to represent yourself, if you choose to do that. So those are your two options today.

[APPELLANT]: I do not -- I do not wish to have hybrid representation, but I wish to delegate certain duties to these attorneys to help me -- or assist me in the capacity that I have set forth in those filings today.

17

THE COURT: So, once again, . . . that's not a legal option. So the choice you have today is you will proceed with the two court-appointed attorneys; or if you're asserting your right to proceed pro se, you do also have that constitutional right. You have either of those rights but not both simultaneously.

Because Appellant continued to demand that which the trial court would not grant and to which Appellant was not entitled, the trial court initially did as it was required under the guidance of the Court of Criminal Appeals: it concluded that "[a]t this point[,] the [c]ourt will find that [Appellant] is not freely and voluntarily waiving her right to counsel." In the face of this ruling, how any confusion that Appellant allegedly suffered as a result of a claimed "misrepresentation" affected her rights is unexplained.

As noted in the quote from her brief, Appellant's argument continues that the appointment of standby counsel would have "markedly changed the calculus of Appellant's defense." Indeed, as Appellant sums up, her argument boils down to one that the trial court abused its discretion by not appointing standby counsel. She argues, "In failing to grant Appellant's request[] for stand[]by counsel in this highly complex and voluminous lawsuit, the trial court abused its discretion." But the trial court had discretion to decide whether to appoint standby counsel, and the core of Appellant's complaint is that the trial court did not do what it was under no obligation to do. Though the trial court di not detail that it had the discretion to appoint standby counsel, we cannot understand where error occurred when the trial court followed the course mandated by the Court of Criminal Appeals. The trial court

denied Appellant's request to self-represent when she persisted in making a demand for hybrid counsel; the trial court stated—as it had the discretion to do—that it would not grant the motion.

We overrule Appellant's first point.

### C. Second point—The trial court gave adequate admonishments to Appellant prior to allowing her to self-represent.

In her second point, Appellant challenges the admonishments that the trial court gave prior to allowing her to self-represent and after she had fired her lawyers because it failed to follow a script suggested for federal judges. Case law makes clear that it is the substance of the admonishments and not the formulaic dictates of a script that determines the adequacy of admonishments. Moreover, as explained below, if three questions are answered affirmatively, a trial court must allow a defendant to represent herself. Here, the record establishes that the trial court acted within its discretion to find that the preconditions to self-representation had been met, including that Appellant was aware of the perils that she faced by representing herself—with that knowledge coming from both the trial court's admonitions and Appellant's self-professed knowledge of the perils.

#### 1. We set forth the standard of review and the standards for determining whether the trial court acted within its discretion to permit Appellant to represent herself.

Overall, we review the trial court's decision under the following standard:

The standard by which an appellate court reviews whether the defendant "clearly and unequivocally" invoked his right to represent himself is an

19

abuse[-]of[-]discretion standard, viewing the evidence in "the light most favorable to the trial court's ruling." *Rodriguez v. State*, 491 S.W.3d 18, 28 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd). An appellate court may imply "any findings of fact supported by the evidence" when the trial judge "failed to make explicit findings." *Chadwick v. State*, 309 S.W.3d 558, 561 (Tex. Crim. App. 2010). A waiver of counsel must be made competently, knowingly and intelligently, and voluntarily. *Collier v. State*, 959 S.W.2d 621, 625–26 (Tex. Crim. App. 1997) (citing *Godinez v. Moran*, 509 U.S. 389, 400–01, 113 S. Ct. 2680, 2687 . . . (1993)).

*Verhoef v. State*, No. 12-21-00075-CR, 2022 WL 2374416, at *2 (Tex. App.—Tyler June 30, 2022, no pet.) (mem. op., not designated for publication).

We again look to the Eastland Court of Appeals for an outline of the steps that a trial court must take to effectively admonish a defendant about the dangers of self-representation and the questions that the trial court must consider before permitting a defendant to self-represent:

> To properly admonish a defendant as to the "dangers and disadvantages" of self-representation, the trial court must inform the defendant "that there are technical rules of evidence and procedure, and he will not be granted any special consideration solely because he asserted his *pro se* rights." *Williams v. State*, 252 S.W.3d 353, 356 (Tex. Crim. App. 2008) (quoting *Johnson v. State*, 760 S.W.2d 277, 279 (Tex. Crim. App. 1988)). The admonishments required depend upon the circumstances, including a defendant's sophistication and education, as well as the complexity of the proceeding or charge. *Huggins v. State*, 674 S.W.3d 538, 541 (Tex. Crim. App. 2023) (citing *Iowa v. Tovar*, 541 U.S. 77, 88, 124 S. Ct. 1379, [1387] (2004)). A trial court, however, has no obligation to follow a specific line of questioning or "script" to ensure that a defendant who has asserted his right to self-representation is doing so "with eyes open." *Osorio-Lopez*, 663 S.W.3d at 757 (citing *Burgess v. State*, 816 S.W.2d 424, 428 (Tex. Crim. App. 1991)); *see Blankenship* . . . , 673 S.W.2d [at] 583 . . . . The focus of the trial court's admonishments is not whether the defendant is equipped to represent himself at trial, but on whether the defendant understands his choice to proceed pro se. *Osorio-Lopez*, 663 S.W.3d at 757 (citing *Godinez* . . . , 509

20

U.S. [at] 400–01, 113 S. Ct. [at 2687–88]). Further, if the trial court determines that a waiver of the right to counsel is voluntarily and intelligently made, the trial court shall provide the defendant with a written statement to sign. *See* [Tex. Code] Crim. Proc. [Ann.] art. 1.051(g); *Osorio-Lopez*, 663 S.W.3d at 757.

Courts indulge every reasonable presumption against waiver and do not presume acquiescence in the loss of fundamental rights. *Osorio-Lopez*, 663 S.W.3d at 756; *Williams*, 252 S.W.3d at 356. The trial court is responsible for determining whether a defendant's waiver is knowing, intelligent, and voluntary. *Williams*, 252 S.W.3d at 356. As we have said, to assess whether a waiver is effective, courts consider the totality of the circumstances. This means that courts must examine the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused. *Id.* *Faretta* requires that if (1) the accused clearly and unequivocally declares to the trial court that he wants to represent himself and does not want counsel, (2) the record affirmatively demonstrates that the accused is literate and has a sufficient understanding of proceeding pro se and that he is voluntarily exercising his informed free will, and (3) the trial court adequately warns the accused of its opinion that it is a mistake not to accept the assistance of counsel and that the accused will be required to follow all ground rules of trial procedure, then the accused's right to self-representation cannot be denied. *Dolph v. State*, 440 S.W.3d 898, 902 (Tex. App.—Texarkana 2013, pet. ref'd) (citing *Faretta*, 422 U.S. at 835–36, 95 S. Ct. [at 2541]); *Barski*, 2015 WL 5192320, at *2.

*Gomez*, 686 S.W.3d at 435–36.

### 2. The trial court gave adequate admonishments and acted within its discretion by allowing Appellant to represent herself.

Following *Gomez*, we ask the overarching question of whether—when viewed in the context of the totality of the circumstances—Appellant's waiver of counsel is knowing, intelligent, and voluntary. In this context, we examine the three questions

21

that, if answered in the affirmative, require a trial court to permit a defendant to self-represent. *Id.*

On the first question of whether "the accused clearly and unequivocally declare[d] to the trial court that [she] want[ed] to represent [herself] and d[id] not want counsel," the answer is yes. *See id.* Appellant stated, "I choose to represent myself." This statement came after the trial court had previously told Appellant that her choice was a binary one—the choice between being represented by counsel or self-representing. Further, the statement came after Appellant had been told that she could not "attorn" her counsel to a limited role, and afterwards, she unequivocally "fired" counsel. Appellant clearly and unequivocally declared that she wanted to represent herself and did not want counsel.[6]

---

[6]The very case that Appellant cited in her "Notice and Demand to Proceed Pro Se" references a number of examples in which a defendant clearly expressed the desire to represent himself or herself. *See Ingram*, 2014 WL 3906457, at *3. That opinion offered the following catalog of statements that were sufficient to invoke the right of self-representation:

> Courts have found such express statements to be clear and unequivocal assertions of the right to represent oneself. *See, e.g.*, *Hathorn*, 848 S.W.2d at 123 ("Thus, I would reurge the [c]ourt to allow me to proceed *pro se*, under *[F]aretta* versus *California*."); *Funderburg v. State*, 717 S.W.2d 637, 639 (Tex. Crim. App. 1986) ("I'm saying I would like to represent myself . . . [.] I would still like to represent myself."); *Blankenship*, 673 S.W.2d at 580 ("Yes, sir. I would like to pro se my own case."); *Kombudo v. State*, 148 S.W.3d 547, 551 (Tex. App.—Houston [14th Dist.] 2004) ("I would like to proceed *pro se*."), *vacated on other ground*, 171 S.W.3d 888 (Tex. Crim. App. 2005), *appeal perm. abated*, No. 14-03-00738-CR, . . . 2006 WL 54413[, at *1] (Tex. App.—Houston [14th Dist.] Jan. 12, 2006, no pet.) [(per curiam)] (mem. op., not designated for publication); *Birdwell[ v.*

We next turn to the question of whether "the record affirmatively demonstrates that the accused is literate and has a sufficient understanding of proceeding pro se and that [she] is voluntarily exercising [her] informed free will." *See id.* Here, the trial court examined Appellant's educational background, which Appellant stated included law school. Further, the record is replete with filings drafted by Appellant. Though the theories reflected in the filings may be suspect, the filings reveal that Appellant is literate. On the subissue of whether Appellant was exercising her informed free will, the trial court explained that she would be losing the counsel of two experienced lawyers who had worked for an extended period on her case. The trial court also informed Appellant that she would be expected to defend herself with no aid from the court and to follow the rules that govern criminal trials. And in this case, the warnings about the perils in which Appellant was placing herself came not only from the trial court but also from Appellant's "Notice and Demand to Proceed Pro Se," which quoted an opinion from a Texas appellate court that succinctly set out those perils. In other words, Appellant's own filing identified the perils of self-

*State*], 10 S.W.3d [74,] 76 [(Tex. App.—Houston [14th Dist.] 1999, pet. ref'd)] ("[Defendant] wants me to tell you he wants to represent himself."); *Glover v. State*, No. 09-06-00325-CR, . . . 2007 WL 5442525[, at *1] (Tex. App.—Beaumont Aug. 27, 2008, no pet.) (mem. op., not designated for publication) ("Yes sir, I wish to proceed *pro se* . . . I understand the pitfalls of representing myself.").

*Id.*; *see also Lathem v. State*, 514 S.W.3d 796, 808 (Tex. App.—Fort Worth 2017, no pet.) (holding that the statement, "I'll name myself as counsel," was a clear and unequivocal assertion of self-representation right). Appellant's statement was as clear and unambiguous as those quoted in the cited authority.

representation. Thus, Appellant demonstrated that she was literate and was voluntarily assuming the role (and the risks) of representing herself. We conclude that the record supports the exercise of the trial court's discretion to permit Appellant to represent herself because it supports the implied findings that Appellant was literate, that she had a sufficient understanding of proceeding pro se, and that she was voluntarily exercising her informed free will.

Thus, we turn to the final question of whether "the trial court adequately warn[ed] the accused of its opinion that it is a mistake not to accept the assistance of counsel and that the accused will be required to follow all ground rules of trial procedure." *See id.* As Appellant acknowledges, she "understood that if she proceeded pro se, she would be responsible for following" the Texas Penal Code, the Texas Rules of Evidence, and the Texas Code of Criminal Procedure. Further, Appellant responded, "Yes," when the trial court asked, "And so do you understand that's the reason the [c]ourt has appointed two attorneys to represent you, because those two attorneys actually do have decades of experience in all of those areas of law, which you do not? Do you understand all of that?" And again, Appellant's "Notice and Demand to Proceed Pro Se" quoted case law describing self-representation as creating the possibility for an "impending courtroom suicide." Finally, Appellant was asked by another judge at the recusal hearing whether she had received a *Faretta* warning" and understood the consequences of self-representation and, whether "knowing all those consequences, . . . still cho[]se to represent [herself] in this matter."

24

She responded, "Yes." We conclude that the answer is yes to the third guiding question of whether the trial court gave adequate admonishments.

### 3. Appellant's argument—that the trial court should have followed a script guiding the admonishments that should be given by federal judges—fails.

Though claiming to acknowledge the principle that there is no script to be followed in giving admonishments before allowing a party to self-represent, Appellant argues that the trial court should have followed the script for admonishments set out in the Benchbook for U.S. District Judges.[7] Rather than applying a publication that does not have a persuasive sway on the conduct of Texas judges, we apply guiding Texas authority as to what level of admonishments is enough. The First Court of Appeals recently reiterated the rule that there is not a script for admonishments, cataloged cases in which an admonishment was adequate, and echoed the holding of *Gomez* (setting forth the three questions that we have already answered):

> But "a trial court need follow no 'formulaic questioning' or particular 'script' to assure itself that an accused who has asserted his right to self-representation does so with eyes open." *Burgess* . . . , 816 S.W.2d [at] 428 . . . ; *see also White v. State*, No. 07-21-00215-CR, 2022 WL 2195218, at *2 (Tex. App.—Amarillo June 17, 2022, no pet.) (mem. op., not designated for publication) ("[N]o particular script must be adhered to or formulaic questioning pursued by the trial court."). Here, the record reveals that the trial court at the September 27, 2021 pretrial hearing sufficiently admonished appellant as to the dangers and disadvantages of self-representation. *See White*, 2022 WL 2195218, at *2–3 (explaining after trial court's admonishments defendant "knew of his rights,

---

[7]*See* Fed. Jud. Ctr., Benchbook for U.S. District Court Judges § 1.02 (2013) (listing questions for district judge to ask defendant if defendant does not want counsel).

exhibited an awareness of the situation he faced, and consciously chose to go forward on his own behalf"; "[h]is eyes were wide open when making that choice and despite being told of the pitfalls lying before him"); *Calton v. State*, No. 2-04-228-CR, 2005 WL 3082202, at *2 (Tex. App.—Fort Worth Nov. 17, 2005, pet. withdrawn) (mem. op., not designated for publication) (holding defendant competently, knowingly, intelligently, and voluntarily exercised his right to defend himself and waived right to counsel where trial court explained defendant had right to counsel, defendant's case was serious, defendant would have to follow rules, and there were disadvantages to representing himself); *see also Dolph* . . . , 440 S.W.3d [at] 902 . . . ("[I]f (1) a defendant clearly and unequivocally declares to a trial judge that he wants to represent himself and does not want counsel[;] (2) the record affirmatively shows that a defendant is literate, competent, and understanding and that he is voluntarily exercising his informed free will[;] and (3) the trial judge warns the defendant that he thinks it is 'a mistake not to accept the assistance of counsel' and that the defendant will 'be required to follow all the ground rules of trial procedure,' the right of self-representation cannot be denied.").

*Anthony*, 2023 WL 5616203, at *13. As we have outlined, the admonishments that were given to Appellant, in combination with her knowledge of the standards that applied to the decision to self-represent, show that she made the decision with her eyes wide open. The admonishments given by the trial court were as thorough as the examples contained in the quoted authority.

Other than Appellant's criticism of the trial court for failing to follow a script, she claims that the admonishments were inadequate because they came four days before the trial court heard her second demand to fire her lawyers and permitted the course that Appellant chose to represent herself. She fails to acknowledge that the trial court repeated the admonishments that it had given a few days before. Also, how this short span of time affected the adequacy of the admonishments is not explained.

26

We therefore overrule Appellant's second point.

## IV.  Conclusion

Having overruled Appellant's two points, we affirm the trial court's judgment.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  July 24, 2025